EAGAN, Judge.
I. PROCEDURAL AND FACTUAL BACKGROUND
The appeal before the court was brought by the plaintiff, Ivo Trokov, pursuant to Ordinance No. 95-6. The defendants have not raised any claims regarding the authority of this court to adjudicate the matter.
Prior to June 17, 1999, the plaintiff was employed in the Mohegan Sun Casino. As a part of this employment, the plaintiff was duly licensed by the Gaming Commission. His employment at the casino as a dealer depended upon his license. On June 16, 1999, the plaintiff was arrested by the Noi-wich Police Department pursuant to an arrest warrant issued by a judge of the State of Connecticut Superior Court, GA-21. The plaintiff was charged with Unlawful Restraint in violation of C.G.S. Section 53a-96 and Sexual Assault in violation of C.G.S. Section 53a-73a.
Following plaintiffs arrest, the defendant, Office of the Director of Regulations, sent a letter1 terminating his employment and barring his entrance to the casino. Notice of the plaintiff’s right to an administrative hearing to review the termination decision was properly given in a termination letter dated June 17, 1999. The June 17, 1999 letter stated that the Gaming Commission finds: “your presence here poses a threat to the integrity of the gaming activities of the Tribe.” The letter cited as authority Section 7(b)(ii) of the Mohegan Tribe-State of Connecticut Gaming Compact.
The plaintiff exercised his right to an administrative hearing, winch was held by the Office of the Director- of Regulations on July 7, 1999. At this hearing, according to the defendants, the plaintiff admitted to the Director of Regulations that he had inappropriately touched and kissed a female nurse who had come to his apartment to perforan a medical examination for purposes of a life insurance application. As a result of this hearing, the Director1 of Regulations issued its decision upholding the termination of plaintiff by letter1 dated July 9, 1999.
In his appeal to this court, the plaintiff claims that the defendant, Office of the Director of Regulations, unlawfully revoked his gaming license. The present appeal also alleges that the procedures employed by the defendants were wrongful and unfairly deprived the plaintiff of his ability to pursue and continue his employment without due process of law. Although the plaintiff presented a letter claiming damages, the present appeal concerns only whether the termination of his employment was lawful and does not ad *400 dress the propriety of any alleged claim of damages.
II. THE LEGAL STANDARD TO BE EMPLOYED
Section 7(b)(iii) of the Mohegan Compact provides that “The Tribal gaming agency shall establish a list of persons barred from the gaming facilities because their criminal history or association with career offender organizations poses a threat to the integrity of the gaming activities of the Tribe”. The Mohegan Gaming Authority was established by the Mohegan Tribal Council, which authorized the Gaming Authority to “exercise all governmental and proprietary powers over . . . regulation and licensing of gaming ...”
III. DISCUSSION
As an initial matter, the court makes particular note that it is in full agreement with the defendants’ general claim that the Tribal Gaming Authority has authority to protect the integrity of the gaming enterprise by excluding certain persons known to engage in illegal practices from the casino and reservation. However, as previously held in Pineiro v. Office of Director of Regulations, 2 Am. Tribal Law 386, 1999 WL 34976688 (Mohegan Gaming Trial Ct.1999), this authority must be exercised in accordance with basic due process rights. In the instant appeal, plaintiff has not presented any credible evidence that the process employed by the defendants was unfair'. Rather, the court finds that at his administrative hearing plaintiff had the full opportunity to present his case and that the hearing was fundamentally fair'. The transcript of the hearing shows that the plaintiff admitted to the Director of Regulations that he had inappropriately touched and kissed the female nurse visiting his apartment to perform a medical examination. Furthermore, as a part of the present appeal, a trial was held in which defendants were granted leave to file additional evidence showing that the plaintiff was convicted on January 18, 2000 in the Norwich Superior Court of the crime of Unlawful Restraint in the Second Degree in violation of C.G.S. 53a-96. Although the plaintiff represented that he had applied for Accelerated Rehabilitation, the conviction shows that the state court denied the request.
Based on the plaintiff’s conduct, the office of Director of Regulations was justified in terminating his employment. The fact that the arrest was the result of a warrant in which a Superior' Court judge had found probable cause for the arrest provides further evidence of the reasonableness of the action of the Tribe. Because the position of casino dealer involves a high degree of interaction with members of the public, including female members of the public, the Tribe was within its authority to terminate the plaintiffs employment. The court finds no unreasonable conduct on the part of the Tribe and will not second-guess its exercise of judgment in this case.

IV.CONCLUSION

For the reasons set forth above the appeal of Ivo Trokov is hereby denied.