MANFREDI, Judge.
BACKGROUND
This case arises out of a complaint filed by the Plaintiff dated November 11, 2005 claiming violations of the Mohegan Discriminatory Employment Practices Act MTO 2002-04 and violations of the Indian Civil Rights Act 25 USC § 1302.
The Plaintiff claims that she was terminated due to her gender and age and that the termination process violated her rights to due process under the Indian Civil Rights Act.
The Defendant has filed a Motion for Summary Judgment asserting that the Plaintiff has no viable cause of action under the discriminatory employment practices ordinance and that because Plaintiff was an employee at will, she had no protected property right to her continued employment which would afford her any due process rights under the Indian Civil Rights Act.
STANDARD OF REVIEW
The standard for review of a Motion for Summary Judgment is well established and is as set forth as follows:
“The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried.” Practice Book § 17—49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law ... In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party ... The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law ... and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a *421 genuine issue of material feet. [S]um-mary judgment is appropriate only if a fair and reasonable person could conclude only one way ... “[A] summary disposition ... should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party.” (Internal quotation marks omitted. Citations omitted.) Vento v. Safeco Insurance Company of America, 2006 WL 2053606 (Conn.Super.2006)
In an employment discrimination case, a Plaintiff has the burden at the outset to prove “by the preponderance of the evidence a prima facia case of discrimination.” Texas Dep’t of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). To meet this burden, a Plaintiff must show: (i) membership in a protected class; (ii) qualifications for the position; (iii) an adverse employment action; and (iv) circumstances surrounding that action giving arise to an inference of discrimination. See Norville v. Staten Island Univ. Hosp., 196 F.3d 89, 95 (2d Cir.1999).
Generally speaking, a Plaintiffs burden of establishing a prima facia case in the context of employment discrimination law is “minimal.”
Furthermore, “in determining whether a genuine issue has been raised, the inferences to be drawn from the underlying facts revealed in the affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable in the party opposing the motion.” Tomka v. Seiler 66 F.3d 1295, 1304 (2d Cir.1995).
The Second Circuit has also stated that:
In discrimination cases “where state of mind is at issue, we affirm a grant a summary judgment in favor of an employer sparingly because careful scrutiny of the factual allegations may reveal circumstantial evidence to support the required inference of discrimination.” Mandell v. County of Suffolk, 316 F.3d 368, 377 (2d Cir.2003) (internal quotation omitted).
In employment cases such as the one before the court, once the Plaintiff establishes a prima facia case, the burden then fells upon the employer who must offer a legitimate, non-diseriminatory reason for the employment action at issue. See Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d, 93, 102 (2d Cir.2001); Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir.2003). If the employer offers such a nondiscriminatory reason for the adverse employment action, then the presumption of discrimination established by a prima facia case no longer exists and the Plaintiff must produce evidence to show that the reasons offered by the employer for its actions were a pretext for discrimination. Fisher v. Vassar College 114 F.3d 1332, 1335 (2d Cir.1997); Mario v. P & C Food Markets, Inc., 313 F.3d 758, 767 (2d Cir.2002).
Additionally, in Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir.1997), the Second Circuit has cautioned District Courts to be particularly cautious in granting summary judgment to an employer due to the fact that direct evidence of discriminatory intent is rarely present.
Finally, it must be noted that when credibility issues are raised due to contradictory assertions of fact found in depositions and affidavits which are filed in connection with summary judgment, an issue of credibility is raised and “[cjredibity determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge.” Anderson v. Liberty Lobby, Ihc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
*422 Drawing on the above enumerated principles, the Court notes that it appears the Plaintiff, Gloria Carpenter, has met her initial burden, albeit by a minimal amount to show that she was a: member of a protected class, qualified for her position, suffered an adverse employment action, and given her age and gender and her assertions that younger employees had been treated differently than herself an inference of discrimination can arise sufficient to defeat a motion for summary judgment.
As to the Indian Civil Rights Act claims, this court first notes that it has previously found that employees of the Mohegan Gaming Tribal Authority have a substantial right to continued employment which entitles to due process protections found in the Indian Civil Rights Act of 1968, 25 USC § 1302. As well as under Article 11 § 1(h) of the Mohegan Constitution. See Cherestal v. ODR, Docket Number GDTC-AA-02-132, 4 Am. Tribal Law 497, 2002 WL 34461812 (Mohegan Gaming Trial Ct.2002); Piniero v. Office of Director of Regulations, 1 G.D.R. 43, 1 Am. Tribal Law 598 (1999), Trokav v. Office of Director of Regulation, 1 G.D.R. 55 (2000), Worthen v. Office of Director of Regulation, Et Al., 1 G.D.R. 64 (2000).
Upon review of the documents provided to the Court in connection with the Motion for Summary Judgment, including Plaintiffs Exhibit 1 that was received in evidence at the hearing held on this matter on March 13, 2007, the Court believes that there is a genuine issue of material fact. Specifically, the Court is unwilling, without a full hearing on the matter, to determine as a matter of law that the procedures followed below accorded the Plaintiff due process required under the Indian Civil Rights Act or the Mohegan Constitution. Furthermore, it appears that a step five review under Plaintiffs exhibit 1 was never accorded the Plaintiff in this matter even though the documents provided by the Defendant indicate she filled out the necessary paperwork to request such a review.
The court expresses no opinion as to the ultimate decision on these matters following a full hearing, however, the court is reluctant to make a determination of the issues raised by the Plaintiffs complaint without according the Plaintiff a full hearing on these matters. Accordingly, the motion for summary judgment is denied.